UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HAO ZHE WANG,<br><br>                                    *Plaintiff,*<br><br>          -against-<br><br>VERIZON COMMUNICATIONS INC., et al.,<br><br>                                    *Defendants.* | Civil Action No.:1:19-CV-09506-JMF |

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6) ON BEHALF OF DEFENDANTS: (1) VERIZON NEW ENGLAND INC.; (2) VERIZON DIGITAL MEDIA SERVICES INC.; (3) VERIZON COMMUNICATIONS INC.; (4) VERIZON CONNECTED SOLUTIONS INC.; (5) VERIZON NEW YORK INC.; (6) VERIZON LONG DISTANCE LLC; (7) VERIZON SERVICES CORP.; (8) VERIZON WIRELESS (VAW) LLC; (9) VERIZON WIRELESS SERVICES, LLC; (10) VERIZON BUSINESS NETWORK SERVICES INC.; (11) VERIZON CAPITAL CORP.; (12) VERIZON CORPORATE RESOURCES GROUP LLC; (13) VERIZON CORPORATE SERVICES GROUP INC.; (14) VERIZON FEDERAL INC.; (15) VERIZON SOURCING LLC; (16). VERIZON SERVICES ORGANIZATION INC.; (17) VERIZON BUSINESS PURCHASING LLC; (18) VERIZON TURNKEY SERVICES LLC, (19) VERIZON SELECT SERVICES INC.; (20) VERIZON ONLINE LLC; (21) VERIZON CONNECT INC.; (22) VERIZON CONNECT NWF INC.; (23) VERIZON CREDIT INC.; (24) VERIZON INFORMATION TECHNOLOGIES LLC; AND (25) VERIZON SERVICES OPERATIONS INC.**

**SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD,.**
Howard A. Fried, Esq. (HAF 2114)
Andrew P. Kates, Esq. (AK4164)
*Attorneys for Moving Defendants*
850 Third Avenue, Suite 1100
New York, New York 10022
(212) 651-7500
hfried@smsm.com
akates@smsm.com

# Contents

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL BACKGROUND | 3 |
| III. | SUMMARY OF MATERIAL ALLEGATIONS | 4 |
| IV. | LEGAL STANDARD FOR MOTION TO DISMISS | 5 |
| V. | LEGAL ARGUMENT | 6 |
| | A.   The Amended Complaint Should Be Dismissed For Failure To Meet The Requisite Pleading Standards Of FRCP Rule 8(a). | 6 |
| | B.   Plaintiff Fails To State A Claim Under 15 U.S.C. Section 1681g(e). | 9 |
| | C.   Plaintiff Fails To State A Claim Under 15 U.S.C. Section 1681s-2. | 10 |
| | i.   There Is No Private Cause Of Action For Any Alleged Violation Of 15 U.S.C. Section 1681s-2(a). | 10 |
| | ii.   Plaintiff Fails To Adequately Plead Any Violation Of 15 U.S.C. Section 1681s-2(b). | 11 |
| | iii.   Plaintiff Fails To Adequately Plead Any Damages For Violation Of 15 U.S.C. Section 1681s-2(b). | 12 |
| | D.   Plaintiff's Claim Under 15 U.S.C. Sections 1681s-2(b) Is Time-Barred. | 14 |
| | E.   Plaintiff Fails To State A Claim Under 15 U.S.C. Sections 1681n and 1681o. | 15 |
| | F.   Plaintiff Fails to State A Claim Under 15 U.S.C. Sections 1692d, 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692k. | 16 |
| | G.   Plaintiff Fails to State A Claim Under MGL Ch. 93 and 93A. | 17 |
| | i.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's MGL Ch. 93 and 93A Claims. | 17 |
| | ii.   The MGL Ch. 93, Section 54A Claim Is Preempted By The FCRA. | 19 |
| | iii.   The MGL Ch. 93A, Section 2 Claim Is Preempted By The FCRA. | 20 |
| | iv.   Plaintiff Fails To State A Claim Under MGL Ch. 93, Section 68. | 21 |
| VI. | CONCLUSION | 22 |

## Cases

*Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 998 F.2d 1157, 1160 (Fed. Cir. 1993). 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)................................................................ 6

*Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001)............................... 7

*Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998)...................... 17

*Barberan v. Nationpoint*, 706 F.Supp. 408, 426 FN 11 (S.D.N.Y. 2010) ................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)................................................. 5

*Burns v. Bank of America*, 655 F.Supp.2d 240 (S.D.N.Y. 2008) ............................... 12

*Caltablano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135, 140 (E.D.N.Y. 2005) ...................... 10

*Casella v. Equifax Credit Information Services*, 56 F.3d 469, 475 (2d Cir. 1995) ..................... 14

*Comunale v. Home Depot, U.S.A., Inc.*, 328 F.Supp.3d 70, 79 (W.D.N.Y. 2018)........ 19

*Cunha v. LVNV Funding, LLC*, No. 13-11418-MLW, 2015 WL 5737134, at *5 (D. Mass. 2015) ................................................................................................. 21

*DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) .............................. 6

*Doherty v. Citibank (South Dakota) N.A.*, 375 F.Supp.2d 158, 161 (E.D.N.Y. 2005)............... 16

*Duarte v. J.P. Morgan Chase Bank*, 2014 WL 12561052 at *4............................... 13

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ............................................................... 6

*Frederick v. Capital One Bank (USA), N.A.*, 14-CV-5460 (AJN), 2018 WL 1583289 at *7 (S.D.N.Y. 2018)............................................................................... 11, 12

*Gibbs v. SLM Corp.*, 336 F.Sup.2d 1, 3 (D.Mass. 2004) ......................................... 20

*Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787 (PKC) (SJB), 2019 WL 4752093 at *3 (E.D.N.Y. 2019) ................................................................................. 16

*Grigoriou v. First Resolution Inv. Corp.*, No. 13-civ-6008, 2014 WL 1270047 at *5 (W.D.N.Y. 2014)........................................................................................... 14

*Houck v. U.S. Bank, N.A. for Citigroup Mortg. Loan Tr. 2007-AR5*, 689 F. App'x 662, 664 (2d Cir. 2017)................................................................................................. 16

*In Re Martino*, 429 B.R. 66, 70 (E.D.N.Y. 2010) ...................................................... 6

*Islam v. Option One Mortgage Corp.*, 432 F.Supp.2d 181, 187 (D.Mass. 2004) ....... 20, 21

*Jackson v. Bank of America, N.A.*, 888 F.3d 1348, 1356-1357 (11th Cir. 2018) ......... 8

*Jacobs v. Carnival Corp.*, 2009 WL 8566437 at *5 (S.D.N.Y. 2009) .......................... 7

*Jacobs v. Carnival Corp.*, No. 06 CIV 0606 (DAB), 2009 WL 856637 at *4 (S.D.N.Y. 2009) . 6

*Jenkins v. Chase Bank USA, N.A.*, No. 14-CV-5685 (SJF) (AKT), 2015 WL 4988103 at *7 (E.D.N.Y. 2015) ............................................................................... 14, 15

*Kane v. Guaranty Residential Lending, Inc.*, No. 04-CV-4847, 2005 WL 1153623 at *3 (S.D.N.Y. 2005)............................................................................................... 11

*Kuppserstein v. Bank of America, N.A.*, Case No. 14-13766-GAO, 2015 WL 4601704 (D.Mass. 2015)............................................................................................... 20

*Lance v. PNC Bank, N.A.*, Case No. 15-10250-FDS, 2015 WL 5437090 at *4 (D.Mass. 2015) 20

*Leet*, supra, 480 F.Supp.2d at 433 fn 7 ............................................................... 20, 21

*Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ...................... 10

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129 (S.D.N.Y. 1994)............................................................................... 7

*Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003) ................... 17

*Nguyen v. Ridgewood Sav. Bank*, 66 F.Supp.3d 299, 304 (E.D.N.Y. 2014) ............. 10, 11

*Okocha v. HSBC Bank USA, N.A.*, 2010 WL 5122614 at * 6 .................................. 14

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 375 (S.D.N.Y. 1997) 7

*Oliver v. New York State Police*, No. 1:17-CV-00157 EAW, 2019 WL 453363 at *10 (W.D.N.Y. 2019) ............................................................................................... 8

*Peri v. American Exp.*, Case No. 11-Civ-7374 (KBF), 2012 WL 178333 at *4 (S.D.N.Y. 2012) .................................................................................................................................. 13

*Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ...................................... 17

*Read v. Corning Incorporated*, 371 F. Supp. 3d 87, 91 (W.D.N.Y. 2019) ........................... 6

*Richardson v. Fleet Bank of Massachusetts*, 190 F.Supp.2d 81, 83, 89 (D.Mass. 2001)........... 17

*Scarola Malone & Zubatov LPP v. Verizon Communications, Inc.*, No. 14-CV-4518, 2015 WL 3884211 at *3 (S.D.N.Y. 2015)........................................................................................ 6

*Smartling, Inc. v. Skawa Innovation Ltd.*, 358 F.Supp.3d 124, 151 (D.Mass. 2019) ...... 17, 18, 19

*Trikas v. Universal Card Services Corp.*, 351 F.Supp.2d 37, 44 (E.D.N.Y. 2005) .................. 14

*Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996)............................ 17

*Whiting v. Harley-Davidson Fin. Servs.*, 534 F.Supp.2d 823, 833-34 (N.D.Ill. 2008) ............. 12

*Young*, 1994 WL 88129 (S.D.N.Y. 1994) ............................................................................. 7

**Statutes**

15 U.S.C. § 1681 ............................................................................................................... 11

15 U.S.C. § 1681i(a)(2)(A)................................................................................................. 12

15 U.S.C. § 1681s(a)(1)...................................................................................................... 9

15 U.S.C. § 1681s(c)(1)(B)(i).............................................................................................. 10

15 U.S.C. § 1681s-2(a)(3) .................................................................................................. 10

15 U.S.C. § 1681s-2(b)................................................................................. 2, 11, 12, 14, 15

15 U.S.C. § 1681s-2(b)(1) .................................................................................................. 11

15 U.S.C. § 1681s-2(b)(1)(A)-(C) ...................................................................................... 11

15 U.S.C. § 1681s-2(b)(1)(A)-(D) ...................................................................................... 14

15 U.S.C. § 1681s-2(b)(2) .................................................................................................. 11

15 U.S.C. § 1681s-2(d)....................................................................................................... 10

15 U.S.C. § 1681t(b)(1)(E) ................................................................................................. 19

15 U.S.C. § 1681t(b)(1)(F) ............................................................................................ 19, 21

15 U.S.C. § 1692a(6)(F)...................................................................................................... 16

15 U.S.C. §1681s(c) ............................................................................................................. 9

15 U.S.C. Section 1681g(e)........................................................................................ 1, 9, 10

15 U.S.C. Section 1681g(e)(1).............................................................................................. 9

15 U.S.C. Section 1681n .......................................................................... 1, 2, 9, 10, 13, 15

15 U.S.C. Section 1681o ......................................................................................... 1, 2, 9, 10, 15

15 U.S.C. Section 1681p ...................................................................................................... 2

15 U.S.C. Section 1681p(1) ................................................................................................. 14

15 U.S.C. Section 1681s............................................................................................... 9, 10

15 U.S.C. Section 1681s-2......................................................................................... 1, 10, 19, 21

15 U.S.C. Section 1681s-2(a) ................................................................................... 1, 10, 11

15 U.S.C. Section 1692a(6) ................................................................................................. 16

15 U.S.C. Section 1692d ..................................................................................... 1, 2, 16, 17

15 U.S.C. Section 1692e(10) .............................................................................. 1, 2, 16, 17

15 U.S.C. Section 1692e(8).................................................................................. 1, 2, 16, 17

15 U.S.C. Section 1692f...................................................................................... 1, 2, 16, 17

15 U.S.C. Section 1692k ........................................................................................... 1, 2, 16

15 U.S.C. Sections 1692e(5) .............................................................................. 1, 2, 16, 17

1681g(e)(6) ......................................................................................................................... 9

C. Wright & A. Miller, Federal Practice & Procedure § 124 at 226 [1969] ........................... 7

FCRA Section V(C)(iii)....................................................................................................... 19

MGL 93A ............................................................................................... 17, 18, 20, 21

MGL Ch. 93 ...................................................................................................... 17, 18
MGL Ch. 93 § 54A(g) ............................................................................................ 20
MGL Ch. 93, Section 50 ......................................................................................... 17
MGL Ch. 93, Section 54A ........................................................................ 1, 19, 20, 21
MGL Ch. 93, Section 54A(a) ............................................................................ 19, 20
MGL Ch. 93, Section 68 ..................................................................................... 1, 21
MGL Ch. 93, Sections 54A and 68 ......................................................................... 17
MGL Ch. 93A, Section 1 ........................................................................................ 17
MGL Ch. 93A, Section 2 ............................................................................ 1, 17, 20, 21

**Rules**

FCRP 8(a)(2) ............................................................................................................ 6
FCRP Rule 9(b) ........................................................................................................ 8
FRCP Rule 8 ........................................................................................................ 7, 8
FRCP Rule 8(a) ................................................................................................. 6, 7, 8
Rule 12(b)(6) .............................................................................................. 3, 4, 5, 6

## I.   INTRODUCTION

Rather than oppose Defendants'[1] first motion to dismiss, Plaintiff Hao Zhe Wang ("Plaintiff") opted to accept the Court's offer to file an Amended Complaint ("Amended Complaint"). (*See* ECF #42). Like the original complaint, however, the Amended Complaint still fails to allege a single claim for relief against Defendants. Indeed, Plaintiff did not add any material facts to the Amended Complaint to cure the defects Defendants identified in his original Complaint. (ECF #8). In place of factual allegations, Plaintiff instead reiterates the same stale generalizations that the undifferentiated Defendants failed to conduct an investigation of his credit reporting dispute with respect to a single Verizon landline account. Based on these allegations, Plaintiff now alleges eleven discernible causes of action against all 26 Defendants for violation of: (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681g(e); (2) FCRA, 15 U.S.C. Section 1681s-2; (3) FCRA, 15 U.S.C. Sections 1681n and 1681o; (4) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Section 1692d; (5) FDCPA, 15 U.S.C. Sections 1692e(5), 1692e(8), and 1692e(10), (6) FDCPA, 15 U.S.C. Section 1692f; (7) FDCPA, 15 U.S.C. Section 1692k; (8) Mass. Gen. Law ("MGL") Ch. 93, Section 54A; (10) MGL Ch. 93, Section 68; and (11) MGL Ch. 93A, Section 2. However, each of these claims fails as a matter of law.

First, Plaintiff's first through third causes of action for violations of the FCRA each fail. As to Plaintiff's asserted violations of Sections1681g(e) and 1681s-2(a), the FCRA does not provide for private enforcement of those provisions, and thus these claims must fail at the

---

[1] An FRCP 12(b)(6) motion to dismiss was previously filed by defendants Verizon Communications Inc., Verizon Digital Media Services Inc., Verizon Connected Solutions Inc., Verizon New England Inc., and Verizon New York Inc. (ECF #8). The current Motion is filed on behalf of all entities that are named in the Amended Complaint, except for "Verizon Media LLC" which is not now, and never has been, a Verizon entity. Declaration attached as **Exhibit A**.

threshold.  As to Section 1681s-2(b), the claim is barred by the applicable 2-year limitations period under Section 1681p.  Even if his Section 1681s-2(b) claim was timely, Plaintiff fails to allege that he properly disputed the account with a CRA, concedes that the CRAs deleted the reporting for the subject account by December 2017, and fails to adequately plead that he suffered damages in any event.  Finally, Sections 1681n and 1681o simply enumerate the relief available for willful and negligent violations of the FCRA, but are not independently actionable provisions without a predicate violation of another FCRA provision, which Plaintiff cannot establish.

Second, Plaintiff's fourth through seventh causes of action alleging violations of 15 U.S.C. Sections 1692d, 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692k fail because the FDCPA can only be enforced against "debt collectors," which Defendants are not.  Indeed, Courts have long held that creditors like Defendants are not subject to the FDCPA.  Here, Plaintiff acknowledges that Defendants are creditors that provided a service to Plaintiff.  Thus, the FDCPA is inapplicable to Defendants as a matter of law.

Third, Plaintiff's eighth through eleventh causes of action for violations of various MGL provisions fail because this Court lacks subject matter jurisdiction over unfair business practices claims asserted under Massachusetts law.  Indeed, a claim cannot be brought pursuant to the MGL unless the conduct at issue "substantially" touches and concerns Massachusetts.  Here, Plaintiff alleges conduct that primarily occurred in New York, and his alleged damages were sustained exclusively in New York.  Thus, the underlying transactions supporting Plaintiff's MGL claims do not "substantially" touch and concern Massachusetts, which is fatal to his MGL claim.

For these reasons, Defendants respectfully request that their Motion to Dismiss Plaintiff's Amended Complaint be granted in its entirety, with prejudice.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on October 15, 2019, naming twenty-six (26) separate "Verizon" entities.  On January 6, 2020, five of the defendants, Verizon Communications Inc., Verizon Digital Media Services Inc., Verizon Connected Solutions Inc., Verizon New England Inc., and Verizon New York Inc., filed a motion to dismiss the Complaint pursuant to FRCP Rule 12(b)(6).[2] (ECF #8).

On January 8, 2020, the Court ordered Plaintiff to either file an amended complaint curing the defects identified in the motion to dismiss, or oppose the motion by February 17, 2020.  In the Order, the Court warned that "Plaintiff will not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  (ECF #42 at 1). Moreover, in addressing Plaintiff's "Affirmation in Support of Clerk's Certificate of Default" against the 21 non-appearing Verizon defendants, the Court further ordered that "Plaintiff shall consider whether to drop as Defendants some or all of the non-appearing Verizon entities" from the lawsuit.  (ECF #74).  Rather than oppose Defendants' motion to dismiss, Plaintiff instead elected to file the Amended Complaint on February 20, 2020, against all 26 Verizon entities. (ECF #78).

---

2 Verizon Communications Inc., Verizon Digital Media Services Inc., Verizon Connected Solutions Inc., Verizon New England Inc., and Verizon New York Inc., are the defendants who acknowledged service of the Summons and Complaint.  *See* Defendants' Objection to Plaintiff's Affirmation in support of proposed certificates of default (ECF #68), *and* Court's Order striking proposed certificates of default (ECF 74).  The remaining defendants do not believe they have been properly served.

### III.   SUMMARY OF MATERIAL ALLEGATIONS[3]

Plaintiff received Verizon services at his residence in Springfield, Massachusetts beginning in 2014, and also receives Verizon services at his current residence in New York. Amd. Compl., Section III, ¶ 1 [ECF #78, at 12].   Plaintiff's family also owns a property in South Hadley, Massachusetts ("South Hadley Property"), which was associated with a third Verizon account in Plaintiff's name, ending in -7092 (the "Subject Account").   Amd. Compl., Section III, ¶¶ 1-2 [ECF #78, at 12].   Plaintiff contends he learned of the Subject Account in 2016, when he was contacted by McCarthy, Burgess & Wolff ("MBW").   Amd. Compl., Section III, ¶ 2 [ECF #78, at 12].   According to Plaintiff, he did not recognize the Subject Account, and he subsequently contacted Verizon to explain that while his family owned the South Hadley Property associated with the Subject Account, the South Hadley Property was being rented to tenants at the time the Subject Account was opened.[4]   Amd. Compl., Section III, ¶ 2 [ECF #78, at 12]; *see also* Amd. Compl., Section III, ¶ 11 [ECF #78, at 16] ("I was affiliated with the [Subject Account's] property address – which is … what I first told Verizon three years earlier.") As a result, Plaintiff allegedly requested Verizon to investigate the Subject Account. *See id.*

On July 10, 2017, in planning to buy a home in New York and apply for a mortgage, Plaintiff obtained credit reports from three credit reporting agencies ("CRAs"), each of which allegedly reflected the Subject Account in a collection status as of July 1, 2017.   Amd. Compl., Section III, ¶ 3 [ECF #78, at 12]; Section IV, ¶ 13 [ECF #78, at 18] ("I started traveling to New York and spent weekends in August, September, and October 2017 going to open houses….").

---

3 Unless otherwise noted, the allegations are taken from Plaintiff's "Attachment to *Complaint*," filed at ECF #78, at pp. 8 through 19.

4 For purposes of this Motion only, Defendants treat all of Plaintiff's allegations as being attributable to Defendants jointly.

Plaintiff contends the credit reporting for the Subject Account did not indicate that Plaintiff disputed the Subject Account. Amd. Compl., Section III, ¶ 3 [ECF #78, at 12]. According to Plaintiff, he subsequently called Verizon to dispute ownership of the Subject Account. Amd. Compl., Section III, ¶ 4 [ECF #78, at 13].

Plaintiff alleges he contacted Verizon on August 9, 2017, after receiving a letter dated July 25, 2017, confirming that Verizon had been contacted by the CRAs regarding Plaintiff's dispute. Amd. Compl., Section III, ¶ 5 [ECF #78, at 13] ("I received a letter dated July 25 [2017] from Verizon … informing me that they were contacted by the credit reporting agencies.…") By the end of August 2017, Verizon allegedly requested Plaintiff to cooperate with the "Account Verification Center" to further investigate his dispute. Amd. Compl., Section III, ¶ 5 [ECF #78, at 13].

However, Plaintiff allegedly stopped communicating with Verizon and submitted his passport and police report to the Credit Reporting Agencies, which "removed all records of the [Subject Account] and collection endeavors from [his] credit files" by December 2017. Amd. Compl., Section III, ¶ 7 [ECF #78, at 14]; Amd. Compl., Section IV, ¶ 13 [ECF #78 at 18] ("the three CRAs removed the [Subject Account] from my credit reports, and I restarted my visits to the open houses in January 2018.…"). Stated differently, Plaintiff concedes that as of December 2017, the Subject Account no longer appeared on his credit report.

## IV.    LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must demonstrate that he has met his obligation to provide the grounds for his alleged entitlement to relief, which "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(internal citations omitted). In making its determination on a Rule 12(b)(6) motion, the Court may also consider any documents attached to the complaint or otherwise incorporated by reference therein. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). "Legal conclusions are not entitled to the presumption of truth, and a court assessing the sufficiency of a complaint disregards them." *Scarola Malone & Zubatov LPP v. Verizon Communications, Inc.*, No. 14-CV-4518, 2015 WL 3884211 at *3 (S.D.N.Y. 2015), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Where causes of action are fatally flawed, dismissal is warranted under Rule 12(b)(6) to spare litigants the burdens of unnecessary pre-trial and trial activity." *In Re Martino*, 429 B.R. 66, 70 (E.D.N.Y. 2010), citing *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 998 F.2d 1157, 1160 (Fed. Cir. 1993). And notwithstanding the liberal standard for allowing amendment, "the court has discretion to deny such a motion when the amendment would be futile." *Read v. Corning Incorporated*, 371 F. Supp. 3d 87, 91 (W.D.N.Y. 2019), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V.    LEGAL ARGUMENT

### A.    The Amended Complaint Should Be Dismissed For Failure To Meet The Requisite Pleading Standards Of FRCP Rule 8(a).

"Federal Rule of Civil Procedure 8(a)(2) provides that civil complaints 'shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief, ... in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Jacobs v. Carnival Corp.*, No. 06 CIV. 0606 (DAB), 2009 WL 856637 at *4 (S.D.N.Y. 2009). Therefore, "Rule 8(a) requires that at a minimum, 'actions brought against multiple defendants must clearly specify the claims with which each particular defendant is charged.'" *Merrill Lynch,*

*Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129 (S.D.N.Y. 1994) (citing C. Wright & A. Miller, Federal Practice & Procedure § 124 at 226 [1969].)  The Amended Complaint here falls far short of meeting even the most basic pleading standards of FRCP Rule 8(a).

As Defendants have previously objected in this lawsuit, Plaintiff indiscriminately charges 26 entities with a parade of legal claims, while those claims "quickly and totally descend into the realm of broad and conclusory speculation when they reach [any of] the Defendants." *Jacobs v. Carnival Corp.*, 2009 WL 8566437 at *5 (S.D.N.Y. 2009) (court dismissing copyright infringement claim against 8 defendants for failure to differentiate the allegedly unlawful conduct of 8 separately-identified defendants).  Indeed, the Amended Complaint asserts numerous claims against numerous entities that he generally references as "Verizon" and "Defendants," which "amount[s] to nothing more than … sweeping, blanket assertions against the collectively-referenced Defendants" and "can hardly be said to provide Defendants with fair notice of the charges against them." *Id.*; *Atuahene v. City of Hartford*, 10 Fed.Appx. 33, 34 (2d Cir. 2001) (Court affirming district court dismissal against defendants for failure to meet Rule 8 pleading standards, noting that the original complaint initially "alleg[ed] a host of constitutional and state common law claims' against "the defendants" without differentiating between them, and later filing and amended pleading that "still fail[ed] to identify which defendants were alleged to be responsible for which alleged violations.")); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 375 (S.D.N.Y. 1997) (Court applying Rule 8 pleading standard and dismissing claim where plaintiff "merely assert[ed] that an undifferentiated group of 'defendants' conspired to defraud [the plaintiff]"); *Young*, 1994 WL 88129 (S.D.N.Y. 1994)

(Court finding that "[t]he allegations impermissible failure to distinguish between the [4 defendants] mandates dismissal under both Rule 9(b) and Rule 8(a).").[5]

Plaintiff's noncompliance with the basic pleading requirements of FRCP Rule 8 provides the Court with an independent basis for dismissal of the Amended Complaint in its entirety.[6]

For the purpose of avoiding the undue waste of valuable party and Court resources in this lawsuit, the Defendants have met and conferred with Plaintiff, and prepared a declaration in good faith attesting to defendant Verizon New England Inc.'s sole establishment, ownership, operation, and management of the Subject Account at issue in Plaintiff's Amended Complaint. Indeed, Verizon New England Inc. is the sole entity responsible for the Subject Account—it was responsible for account maintenance, issuance of monthly billing statements, and all actions on the account after it became delinquent. A copy of this Declaration, which is attached to this Motion as **Exhibit A**, was forwarded to Plaintiff for his review and consideration prior to Defendants' filing of this Motion. As of the time this Motion was filed, Plaintiff has not agreed to dismiss all defendants other than Verizon New England Inc.

To the extent that Plaintiff elects to oppose this Motion, Defendants reiterate their previous request that Plaintiff agree to dismiss all of the Defendants except for defendant Verizon New England Inc. from this action. While Plaintiff has still failed to allege a single

---

[5] The Amended Complaint is also an improper "shotgun pleading," because it "consists of voluminous factual allegations" and numerous legal claims, by and large "none of which are tied to any of the preceding facts." *Oliver v. New York State Police*, No. 1:17-CV-00157 EAW, 2019 WL 453363 at *10 (W.D.N.Y. 2019). Such pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of America, N.A.*, 888 F.3d 1348, 1356-1357 (11th Cir. 2018).

[6] Again, the collective Defendants assume the legal fiction that they jointly and severally engaged in all of the conduct and omissions that Plaintiff alleges in the Amended Complaint, solely for the purpose of challenging other fundamental defects in the pleading which exist regardless of the specific defendant against whom the allegations are directed.

cause of action against Verizon New England Inc., there is simply no legal or factual basis for Plaintiff to name the twenty-five other Verizon entities as defendants in this action.

**B.      Plaintiff Fails To State A Claim Under 15 U.S.C. Section 1681g(e).**

Plaintiff's cause of action under 15 U.S.C. Section 1681g(e) continues to fail as a matter of law because there is no private right of action for Plaintiff to enforce this provision.  See Amd. Compl., Section III, ¶ 8 [ECF #78, at 15] ("Verizon took no actions on these requests, airily ignoring my right as embedded in 15 U.S.C. 1681g(e).").

Section 1681g(e) addresses the obligations of a furnisher of information to provide certain disclosures to a verified identity theft victim upon proper written request.  Specifically, Section 1681g(e)(1) provides, in pertinent part, that "subject to verification of the identity of the victim and the claim of identity theft …, a business entity that has provided … for consideration products, goods, or services to, … a person who has allegedly made unauthorized use of the means of identification of the victim, shall provide a copy of application and business transaction records in the control of the business entity…." 15 U.S.C. § 1681g(e)(1).

Section 1681g(e), however, is only subject to administrative enforcement – there is no private right of action available under either 1681n or 1681o[7]. Specifically, 15 U.S.C. Section 1681g(e)(6) provides that "[e]xcept as provided in section 1681s of this title, sections 1681n and 1681o of this title do not apply to any violation of this subsection."  Section 1681s, titled "Administrative Enforcement," provides certain government agencies, including the Federal Trade Commission, with authority to enforce compliance with the FCRA.  15 U.S.C. § 1681s(a)(1).  Moreover, subsection 1681s(c) makes clear that only "the chief law enforcement

---

[7] 15 U.S.C. Sections 1681n and 1681o provide a private right of action for certain instances of willful/reckless and negligent noncompliance with the provisions of the FCRA. (See Section V(E) below).

officer of a State, or an official or agency designated by a State" bringing an action "on behalf of the residents of the State...." may recover the damages available under Sections 1681n and 1681o.  15 U.S.C. § 1681s(c)(1)(B)(i).  Consumers like Plaintiff, however, cannot privately enforce a violation of Section 1681g(e).

For these reasons, Plaintiff's cause of action against Defendants for an alleged violation of 15 U.S.C. Section 1681g(e) fails as a matter of law.

**C.**     **Plaintiff Fails To State A Claim Under 15 U.S.C. Section 1681s-2.**

    **i.**     *There Is No Private Cause Of Action For Any Alleged Violation Of 15 U.S.C. Section 1681s-2(a).*

Plaintiff alleges in his Amended Complaint that "Verizon ignored its duties under 15 U.S.C. § 1681s-2(a)(3)" to properly report the Subject Account as disputed.  Amd. Compl., Section III, ¶ 3 [ECF #78, at 12].  However, as argued in Defendants' previous motion to dismiss, there is no private right of action for such claim.

Indeed, it is well-settled that there is no private right of action to enforce a violation of Section 1681s-2(a).  Instead, the provisions of subsection 1681s-2(a) are "enforced exclusively ... by the Federal agencies and officials and [certain] State officials."  15 U.S.C. § 1681s-2(d); *see also Nguyen v. Ridgewood Sav. Bank*, 66 F.Supp.3d 299, 304 (E.D.N.Y. 2014), quoting *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("There is no private cause of action for violations of Section 1681s-2(a).... The statute expressly provides that Section 1681s-2(a) shall be enforced exclusively ... by the Federal agencies and officials and the State officials identified in section 1681s of this title.") (internal brackets and quotations omitted); *Caltablano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135, 140 (E.D.N.Y. 2005) ("There is no private right of action under § 1681s-2(a).).

For these reasons, Plaintiff cannot bring a claim pursuant to Section 1681s-2(a).

ii.    ***Plaintiff Fails To Adequately Plead Any Violation Of 15 U.S.C. Section
1681s-2(b).***

Plaintiff now also attempts to allege a violation of Section 1681s-2(b).  See Amd.
Compl., Section III, ¶ 9 [ECF #78, at 15].  However, his claim under this subsection should be
dismissed as well.  Section 1681s-2(b), titled "Duties of furnishers of information upon notice of
dispute," imposes certain obligations on furnishers, but only after they have been notified by a
CRA that the consumer disputes the accuracy of the credit information furnished.  15 U.S.C. §
1681s-2(b)(1); *Nguyen*, 66 F.Supp. at 306.[8]  Once a dispute is received by the furnisher from a
CRA, and only then, the furnisher has a duty to conduct an investigation with respect to the
disputed information, to review the information provided by the CRA, and to report its findings
to the CRA.  15 U.S.C. § 1681s-2(b)(1)(A)-(C); *Nguyen*, 66 F.Supp. at 306.  If the investigation
reveals that the information is incomplete, inaccurate, or unverifiable, the furnisher must modify,
delete, or permanently block the reporting of that item of information.  15 U.S.C. § 1681s-
2(b)(1)(E).  The investigation required of a furnisher pursuant to Section 1681s-2(b) is simply a
"reasonable" one, viewed "in light of what [the furnisher] learned about the nature of the dispute
from the description in the CRA's notice of dispute." *Frederick v. Capital One Bank (USA),
N.A.*, 14-CV-5460 (AJN), 2018 WL 1583289 at *7 (S.D.N.Y. 2018).  The scope of the
furnisher's investigation is framed by the specific dispute information received from the CRA,
which must include "all relevant information regarding the dispute that the [CRA] has received

---

[8] For purposes of this Motion only, Defendants concede that they are "furnishers of information," which is
"interpreted to mean 'entities that transmit, to credit reporting agencies, information relating to debts owed by
consumers." *Barberan v. Nationpoint*, 706 F.Supp. 408, 426 FN 11 (S.D.N.Y. 2010) (quoting *Kane v. Guaranty
Residential Lending, Inc.*, No. 04-CV-4847, 2005 WL 1153623 at *3 (S.D.N.Y. 2005).

from the consumer." *Frederick*, at *6, citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E) (court noting that § 1681s-2(b) sets forth certain "procedural obligations on furnishers").

Here, Plaintiff's Section 1681s-2(b) claim appears predicated on Defendants' purported failure to mark the Subject Account as disputed, and failure to investigate the Subject Account after receiving his dispute. To the extent Plaintiff attempts to state a claim under Section 1681s-2(b), his allegations are at best contradictory. While Plaintiff contends he contacted the CRAs, he also acknowledges that they resolved his dispute by deleting the Subject Account from his credit report. Amd. Compl., Section IV, ¶ 12 [ECF #78, at 15] ("I then decided … to ask [the three credit bureaus] to undertake their own investigations. This Equifax, Experian and Trans Union all did between late November and December: the three CRAs removed the [Subject Account] from my credit reports, and I restarted my visits to the open houses in January 2018…."). Thus, Plaintiff also fails to allege a violation of Section 1681s-2(b).

### iii.    *Plaintiff Fails To Adequately Plead Any Damages For Violation Of 15 U.S.C. Section 1681s-2(b).*

Plaintiff's claim for violation of 15 U.S.C. Section 1681s-2(b) also fails because he has not, and cannot, plead or prove that he suffered actual damages. See *Burns v. Bank of America*, 655 F.Supp.2d 240 (S.D.N.Y. 2008), quoting *Whiting v. Harley-Davidson Fin. Servs.*, 534 F.Supp.2d 823, 833-34 (N.D.Ill. 2008) ("To obtain an award of actual damages under the FCRA, Plaintiffs must present evidence of a causal relation between the violation of the statute and the loss of credit, or some other harm.") (internal brackets omitted). The mere conclusory allegation that plaintiff's credit score was reduced, without facts demonstrating how such reduction proximately caused actual injury to him, has been found inadequate to support a claim for actual damages under the FCRA. *Peri v. American Exp.*, Case No. 11-Civ-7374 (KBF), 2012 WL

178333 at *4 (S.D.N.Y. 2012) ("While the factual allegations … state that at least one of the [credit] 'pulls' reduced the plaintiff's credit score, they contain no facts suggesting that such reduction proximately caused actual injury to the plaintiff."); *Duarte v. J.P. Morgan Chase Bank*, 2014 WL 12561052 at *4 (District court holding that an allegation of "impaired credit," in itself does not constitute "actual damage" under California's state law counterpart to the FCRA, the Consumer Credit Reporting Agencies Act); *see also Peri*, supra, 2012 WL 178333 at *2 (conclusory allegations of "willful" noncompliance of the FCRA are inadequate to plead defendant's state of mind for purposes of an action under § 1681n).).

Here, Plaintiff does not allege that he was ever denied a mortgage loan as a proximate result of Defendants' alleged failure to conduct a reasonable investigation of his credit reporting dispute after receiving notice of the dispute from the CRAs. In fact, he does not even allege that he ever applied for a mortgage loan at all until after the CRAs had already deleted the Subject Account reporting in its entirety by December 2017. Instead, he simply alleges that "On July 10, 2017, in planning to buy a home and to apply for a mortgage, I requested and received credit reports from three credit bureaus … [that] gave no indication that Verizon had been notified … that the collection account was disputed and that fraud or identity theft was suspected …." Amd. Compl., Section III ¶ 3 [ECF #78, at 12]. Thus, rather than aver that he was denied any favorable mortgage loan, Plaintiff instead states that he refrained from applying for any loan based purely upon his bare assumption that he would not have qualified for optimum loan financing terms. And again, in any event, he concedes that the allegedly offensive reporting was already deleted in its entirety by December 2017.

For these reasons, Plaintiff has failed to state a claim for damages for Defendants' alleged violation of its duties of investigation under15 U.S.C. Section 1681s-2(b).[9]

**D.      Plaintiff's Claim Under 15 U.S.C. Sections 1681s-2(b) Is Time-Barred.**

Plaintiff's claim under 15 U.S.C. Sections 1681s-2(b) is further barred by the applicable 2-year limitations period set forth for such claims under 15 U.S.C. Section 1681p(1), measured from the date of Defendants' alleged FCRA violation.

A "[credit furnisher's] liability [for a violation] under Section 1681s-2(b) 'would arise thirty days after [it] was notified of the dispute by the credit reporting agencies.'" *Jenkins v. Chase Bank USA, N.A.*, No. 14-CV-5685 (SJF) (AKT), 2015 WL 4988103 at *7 (E.D.N.Y. 2015), quoting *Grigoriou v. First Resolution Inv. Corp.*, No. 13-civ-6008, 2014 WL 1270047 at *5 (W.D.N.Y. 2014).[10] Here, Plaintiff alleges that Defendants were notified of the subject dispute by credit reporting agencies no later than July 25, 2017. Amd. Compl., Section III, ¶ 5 [ECF #78, at 13] ("On August 8, I received a letter dated July 25 from Verizon …, informing me that they were contacted by the credit reporting agencies ….") Therefore, any purported liability

---

[9] Plaintiff's emotional distress claim, based purely on his own alleged frustration with the investigation process is also without merit. See *Okocha v. HSBC Bank USA, N.A.*, 2010 WL 5122614 at * 6 ("Although actual damages under the FCRA may encompass pain and suffering, plaintiff has not demonstrated that any emotional distress he experienced is fairly attributable to defendants' unreasonable investigation of his dispute. Firstly, … his own conclusory allegations [of such distress] are insufficient. [cite omitted]. [And] he still has failed to link such distress with the release of inaccurate information to creditors."); *Casella v. Equifax Credit Information Services*, 56 F.3d 469, 475 (2d Cir. 1995) ("[Plaintiff's] argument boils down to the bare contention that he is entitled to damages for pain and suffering simply because he knew of an inaccurate and potentially damaging item in his credit report. We are unaware of any case extending FCRA damages that far…. [W]e do not believe that any creditor or other person ever learned of the derogatory information from a credit reporting agency.")

[10] This is "because '[g]enerally, liability for a 15 U.S.C. § 1681s-2(b) violation arises 30 days after the furnisher of information does not comply with its obligations outlined in § 1681s-2(b)(1)(A)-(D).'" *Jenkins*, 2015 WL 4988103 at *7, quoting *Grigoriou*, 2014 WL 1270047 at *4 (W.D.N.Y. 2014); *Trikas v. Universal Card Services Corp.*, 351 F.Supp.2d 37, 44 (E.D.N.Y. 2005) ("The deadline for completing the investigation, review, and report of any corrected information is thirty days from receiving notice."

for failure to conduct a reasonable investigation of Plaintiff's dispute arose no later than 30 days thereafter on August 25, 2017. *Jenkins*, 2015 WL 4988103 at *7.[11]

Plaintiff was therefore required to file his lawsuit for violations of 15 U.S.C. Section 1681s-2(b) within two years of August 25, 2017, or by August 24, 2019.  However, Plaintiff's action was not filed until October 15, 2019, and thus, his claim is time-barred as a matter of law.

### E.      Plaintiff Fails To State A Claim Under 15 U.S.C. Sections 1681n and 1681o.

Plaintiff attempts to allege a cause of action for violation of 15 U.S.C. Sections 1681n and 1681o, which also fails.  15 U.S.C. Sections 1681n and 1681o provide a private right of action for violations of certain provisions of the FCRA.  Whereas Section 1681n provides such a right of action for willful or reckless noncompliance, Section 1681o provides the right of action for negligent noncompliance with certain provisions of the FCRA.  15 U.S.C. § 1681n (titled "Civil liability for willful noncompliance"); 15 U.S.C. § 1681o (titled "Civil liability for negligent noncompliance").

Neither Section 1681n nor Section 1681o, however, are actionable in the absence of a predicate violation of the FCRA.  Here, there is no such predicate violation for the reasons stated above.  Accordingly, Plaintiff's alleged claims under Sections 1681n and 1681o cannot proceed.

---

[11] In *Jenkins*, the plaintiff alleged that he disputed the accuracy of a Chase Bank account with Equifax on December 26, 2012, and yet Chase Bank continued to erroneously and adversely report the account until at least May 22, 2013. *Jenkins* at *1.  Plaintiff also alleged that Chase Bank violated 15 U.S.C. Section 1681s-2(b) by failing to conduct any reasonable investigation of the account after being notified of the dispute by CRAs in December 2012. *Jenkins* at *7.  The district court therefore found that Chase Bank's liability under 15 U.S.C. Section 1681s-2(b) for the alleged failure to investigate the dispute, accrued as early as January 2013, or 30 days after being notified by the CRAs in December 2012.  Unlike the present case, however, the plaintiff in *Jenkins* filed his complaint well-within two years of January 2013, in September 2014. *Jenkins* at *7.

**F.**   **Plaintiff Fails to State A Claim Under 15 U.S.C. Sections 1692d, 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692k.**

To plead a violation of any provision of the FDCPA, Plaintiff must allege at least three foundational elements: (1) plaintiff must be a "consumer," (2) defendant must be a "debt collector," and (3) defendant engaged in an act or omission in violation of the FDCPA. *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787 (PKC) (SJB), 2019 WL 4752093 at *3 (E.D.N.Y. 2019). Here, as argued in Defendants' previous motion to dismiss, Plaintiff's causes of action under the FDCPA fail because Plaintiff has not, and cannot, plead that Defendants are "debt collectors" as defined by the FDCPA.

Indeed, the analysis here starts and ends with the fact that Verizon is not a "debt collector" under the FDCPA, defined as:

> [A]ny person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts o*wed or due or asserted to be owed or due another* ... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts....

15 U.S.C. § 1692a(6) (emphasis added); *Doherty v. Citibank (South Dakota) N.A.*, 375 F.Supp.2d 158, 161 (E.D.N.Y. 2005) (quoting statute).

"[T]he FDCPA does not apply to 'creditors' who seek in their own name to collect on debts owed to them." *Houck v. U.S. Bank, N.A. for Citigroup Mortg. Loan Tr. 2007-AR5*, 689 F. App'x 662, 664 (2d Cir. 2017). Indeed, "a plain reading of the statute reveals that generally, as a matter of law, 'creditors are not subject to the FDCPA." *Doherty*, 375 F.Supp. at 161; 15 U.S.C. § 1692a(6)(F) (excluding from definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was originated by such person."); *see also Montgomery v. Huntington*

– 16 –

*Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003); *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) (holding that those who collect in their own name and on behalf of themselves are not subject to the federal FDCPA).  Indeed, the "legislative history of the FDCPA indicates conclusively that a debt collector does not include the consumer's creditors." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (referencing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

Accordingly, Plaintiff's FDCPA claims under 15 U.S.C. Sections 1692d, 1692e(5), 1692e(8), 1692e(10), and 1692f fail as a matter of law.  See Amd. Compl., Section III, ¶¶ 10 and 12 [ECF #78 at 15-17].

**G.**     **Plaintiff Fails to State A Claim Under MGL Ch. 93 and 93A.**

**i.**     ***The Court Lacks Subject Matter Jurisdiction Over Plaintiff's MGL Ch. 93 and 93A Claims.***

The Massachusetts Consumer Credit Reporting Act ("MCCRA") is set forth at MGL Ch. 93, Section 50 *et seq.*, and the Massachusetts Consumer Protection Act ("MCPA") is set forth at MGL Ch. 93A, Section 1, *et seq. Richardson v. Fleet Bank of Massachusetts*, 190 F.Supp.2d 81, 83, 89 (D.Mass. 2001).  For the Court to have subject matter jurisdiction over Plaintiff's MGL claims under either Sections 93 and 93A, the underlying transactions must have occurred primarily and substantially within the Commonwealth of Massachusetts.[12] See *Smartling, Inc. v. Skawa Innovation Ltd.*, 358 F.Supp.3d 124, 151 (D.Mass. 2019).  In making this determination, "the court focuses solely on the actionable conduct said to give rise to the violation; other conduct, no matter where it takes place, may not be considered on the question." *Smartling, Inc.*

---

12 Plaintiff's MGL claims include: Ch. 93, Sections 54A and 68 (MCCRA), and Ch. 93A, Section 2 (MCPA).

*v. Skawa Innovation Ltd.*, 358 F.Supp.3d 124, 151 (D.Mass. 2019). This involves a 3-step inquiry: (1) where the defendant committed the alleged deception, (2) where plaintiff was deceived and acted upon the deception, and (3) where plaintiff incurred his/her losses. *Id.* "[I]f the significant contacts of … competing jurisdictions are approximately in the balance, the conduct in question cannot be said to have occurred primarily and substantially in Massachusetts." *Id.*

Here, Plaintiff effectively concedes in his Complaint that the transactions supporting his claims under MGL Ch. 93 and 93A principally occurred after Plaintiff became a resident of New York. Significantly, Plaintiff contends that he was injured in New York by being forced to accept a higher 30-year mortgage interest rate on his newly purchased New York home due to Defendants' delay in investigating Plaintiff's dispute, allegedly resulting in actual damages of $55,593.79. Amd. Compl., Section IV, ¶ 13 [ECF #78, at 18]. Plaintiff also contends that he suffered damage in New York by incurring a short-term, month-to-month lease while waiting for Defendants to correct their reporting of the Subject Account, allegedly resulting in another $13,400 in actual damages. (Amd. Compl., Section IV, ¶ 14 [ECF #78, at 18]). And while leasing the New York property between August to December 2017, Plaintiff contends that he suffered the loss of leisure time and time away from work in order to attend "around one hundred open houses" in New York, allegedly resulting in another $10,000 in actual damages. (Amd. Compl., Section IV, ¶ 13 [ECF #78, at 18].) Even further, Plaintiff now contends for the first time in this lawsuit that he suffered injury in the form of "lost investment opportunities," again while residing in New York between 2018 and early 2019, which allegedly resulted in another $61,341 in actual damages. (Amd. Compl., Section IV, ¶ 17 [ECF #78, at 19].) Thus, the majority of the alleged conduct occurred in New York, and Plaintiff's alleged damages occurred

exclusively in New York.  Accordingly, "the conduct in question cannot be said to have occurred primarily and substantially in Massachusetts." *Smartling*, 358 F.Supp.3d at 151.[13]

For this reason, the Court should find that it lacks subject matter jurisdiction over Plaintiff's Massachusetts state law claims under the MCCRA and MCPA.

    **ii.**    ***The MGL Ch. 93, Section 54A Claim Is Preempted By The FCRA.***

Plaintiff's claim for violation of the MCCRA, MGL Ch. 93, Section 54A(a) also fails because it seeks to impose credit reporting obligations that are exclusively regulated by the FCRA.  MGL Ch. 93, Section 54A(a), provides as follows:

> Every person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete.  No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete.

It is well-settled that the FCRA includes a broad preemption provision, precluding States from enforcing laws purporting to control "any subject matter regulated under … section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  15 U.S.C. § 1681t(b)(1)(E); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F.Supp.3d 70, 79 (W.D.N.Y. 2018) ("[A]llegations that Defendants continued to report [plaintiff's] delinquency to the credit reporting agencies after having been given notice from Plaintiff that such information was purportedly inaccurate unquestionably falls within the 'subject matter' regulated by § 1681s-2.").  The FCRA does narrowly exempt MGL Ch. 93, Section 54A(a) from its broad preemption scope.  15 U.S.C. § 1681t(b)(1)(F) (preemption "shall not apply … (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated

---

13 These "damages" contentions notwithstanding, however, Plaintiff has nevertheless failed to adequately plead damages to support his FCRA claims for the reasons stated above under Section V(C)(iii).

Laws …."); *Lance v. PNC Bank, N.A.*, Case No. 15-10250-FDS, 2015 WL 5437090 at \*4 (D.Mass. 2015).  This, however, does not end the inquiry as there is "another wrinkle in the analysis."  *Id.*  Namely, "[w]hile the FCRA expressly exempts § 54A(a) from its preemptive reach, it includes no such exemption for § 54A(g)—the provision that creates a private cause of action for violations of § 54A(a)."  *Id.*  Thus, Section 54A(a) may only be enforced by the appropriate public law enforcement agencies in the Commonwealth of Massachusetts—there is no *private* action to enforce Section 54A.  *Kuppserstein v. Bank of America, N.A.*, Case No. 14-13766-GAO, 2015 WL 4601704 (D.Mass. 2015); *Leet*, supra, 480 F.Supp.2d at 433 fn 7; *Islam v. Option One Mortgage Corp.*, 432 F.Supp.2d 181, 187 (D.Mass. 2004); *Gibbs v. SLM Corp.*, 336 F.Sup.2d 1, 3 (D.Mass. 2004) ("Where, as here, the FCRA does not exempt the state law provision expressly authorizing a private cause of action, such private causes of action remain preempted.").

For these reasons, the Court should find that Plaintiff's claims under Chapter 93, Section 54A(a) of the MCCRA are preempted by the FCRA, and must therefore be dismissed.

### iii.    *The MGL Ch. 93A, Section 2 Claim Is Preempted By The FCRA.*

Plaintiff's claim under the MCPA, MGL Ch. 93A, Section 2 is also preempted by the FCRA.  MGL Ch. 93A, Section 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

Here, Plaintiff's claim under MGL Ch. 93A, Section 2, is premised upon Defendants' alleged failure to address Plaintiff's dispute regarding the reporting of the Subject Account to the CRAs.  Amd. Compl., Section III, ¶¶ 3-7 and 9 [ECF #78, at 12-14 and 15].  Because these

claims are premised upon credit reporting conduct governed exclusively by the FCRA, they are preempted:

> The FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under. section 1681s-2." 15 U.S.C. § 1681t(b) (1) (F). Chapter 93A is "a requirement imposed by state law." .... To the extent [plaintiff's] Chapter 93A claim is premised on unfair credit reporting, failure to correct credit information, or failure to investigate a disputed debt, it is pre-empted by the FCRA.

*Cunha v. LVNV Funding, LLC*, No. 13-11418-MLW, 2015 WL 5737134, at *5 (D. Mass. 2015) (citing *Leet*, supra, 480 F.Supp.2d at 434).

### iv.     *Plaintiff Fails To State A Claim Under MGL Ch. 93, Section 68.*

Finally, Plaintiff's attempt to assert a violation of MGL Ch. 93, Section 68, also fails. Amd. Compl., Section I(A) (Basis for Jurisdiction) [ECF #78, at 2].

Section 68 is a catchall provision that states: a "[f]ailure to comply with the provisions of sections fifty through sixty-seven shall constitute an unfair trade practice under the provisions of clause (a) of chapter ninety-three A." MGL Ch. 93, § 68. Here, however, the sole provision within those referenced sections alleged to have been violated by Defendants in the Amended Complaint is Section 54A, which is preempted by the FCRA for the reasons explained above. Therefore, Plaintiff fares no better by attempting to repackage his Section 54A claim as an unfair business practice claim pursuant to Ch. 93A, Section 2. *See Islam v. Option One Mortgage Corp.*, 432 F.Supp.2d 181, 200 (D.Mass. 2006) (court dismissing claim under MGL 93A, because they were based upon the same allegations supporting plaintiff's FCRA claim and were therefore preempted by federal law.).

For these reasons, Plaintiff's attempt to allege a violation of the MCPA, MGL Ch. 93, Section 68, fails as a matter of law and should be dismissed.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint fails in its entirety.  Moreover, because Plaintiff has already been granted an opportunity to file an amended complaint, and he has failed to cure various fatal pleading defects, the Court should dismiss the Amended Complaint *with prejudice*.

**SEGAL MCCAMBRIDGE**
**SINGER & MAHONEY, LTD.**

By:    /s/Andrew P. Kates
   Andrew P. Kates, Esq. (AK4164)
   Howard A. Fried, Esq. (HAF 2114)
   *Attorneys for Moving Defendants*
   850 Third Avenue, Suite 1100
   New York, New York 10022
   Tel: (212) 651-7500
   *akates@smsm.com*
   *hfried@smsm.com*