UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
HAO ZHE WANG,                                                 :
                                                              :
                                  Plaintiff,                  :
                                                              :          19-CV-9506 (JMF)
                   -v-                                        :
                                                              :          MEMORANDUM OPINION
VERIZON COMMUNICATIONS INC., et al.,                          :          AND ORDER
                                                              :
                                  Defendants.                 :
                                                              :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Hao Zhe Wang, proceeding without counsel, sues twenty-six or twenty-seven

different Defendants — all with some variation of the name "Verizon" — alleging violations of

the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; the Fair Debt Collection Practices Act,

15 U.S.C. § 1692 *et seq.*; and the Massachusetts Regulation of Business Practices for Consumers

Protection Act, Mass. Gen. Laws Ann. ch. 93A, § 1, *et seq*.  *See* ECF No. 78 ("Am. Compl."), at

8, ¶ 12.[1]  Virtually all Defendants ("the Moving Defendants") now move, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Wang's Amended Complaint.[2]  For

the reasons stated below, the motion to dismiss must be, and is, granted.

---

[1]      The number of Defendants is unclear because Wang's Amended Complaint names, in
one instance, "Verizon Services Organization Inc.," *id.* at 8, and, in another, "Verizon Services
Operations Inc.," *id.* at 10.  Both move for dismissal here, so they may be different entities.

[2]      In total, twenty-five entities move for dismissal.  Verizon Media LLC and Verizon
Teleproducts Corp., both named Defendants, do not move to dismiss.  According to a declaration
filed by Defendants, neither entity exists.  *See* ECF No. 82-2 ("Preston Decl."), ¶ 6 (stating that
Verizon Media LLC has never existed and Verizon Teleproducts Corp. ceased to exist in 2019).

The Court is obliged to construe *pro se* pleadings liberally, *see, e.g.*, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" owed

to *pro se* litigants, *id*. at 475 (citation omitted), has its limits.  To state a claim, a *pro se*

complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which

mandates a short and plain statement showing that the pleader is entitled to relief.  A complaint

"satisfies the requirements of Rule 8(a) [when] it gives [each defendant] fair notice of the basis

for [the plaintiff's] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see, e.g.*,

*Medina v. Bauer*, No. 02-CV-8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004)

(Chin, J.) (noting that, under Rule 8, a complaint must, "at a minimum, . . . give *each*

*defendant* fair notice of what the plaintiff's claim is and the ground upon which it rests"

(emphasis added) (internal quotation marks omitted)); *see also Tieman v. City of Newburgh*, No.

13-CV-4178 (KMK), 2015 WL 1379652, at *25 (S.D.N.Y. Mar. 26, 2015) ("To state a claim

against *each* individually named defendant, Plaintiff must include allegations *as to that*

defendant." (emphases added)).  More specifically, to survive scrutiny under Rule 8, a complaint

must disclose sufficient information to permit *each* defendant "to have a fair understanding of

what the plaintiff is complaining about and to know whether there is a legal basis for recovery."

*Ricciuti v. New York City Transit Auth*., 941 F.2d 119, 123 (2d Cir. 1991).

Wang's Amended Complaint falls well short of this standard.  Most glaringly, the

Amended Complaint fails to make *any* particularized allegations about the twenty-six (or twenty-

seven) different entities named as Defendants, which it lumps together and refers to collectively

as "Verizon."  To be sure, Rule 8 does not prohibit referring to defendants as a group "'where the

complaint alerts defendants that identical claims are asserted against each defendant.'"  *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 237 (S.D.N.Y. 2014) (quoting *Hudak v. Berkley Grp., Inc.*, No. 13-CV-89, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014)).  And "[u]nder the common enterprise theory, each entity within a set of interrelated companies may be held jointly and severally liable for the actions of other entities that are part of the group."  *F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N.Y. 2014).  But, Wang's assertions to the contrary notwithstanding, *see* ECF No. 97 ("Opp'n"), at 7-8, neither circumstance rescues the Amended Complaint here.  Courts look to a number of factors to determine whether a common enterprise exists, including whether the entities (1) maintain officers and employees in common, (2) operate under common control, (3) share offices, (4) commingle funds, and (5) share advertising and marketing.  *See, e.g.*, *People v. Debt Resolve, Inc.*, 387 F. Supp. 3d 358, 365 (S.D.N.Y. 2019).  Put simply, Wang alleges no facts to support a finding that the entities he names in this lawsuit engaged in a "common enterprise" that would permit group pleading.

In opposing dismissal, Wang contends that discovery would enable him "to determine whether . . . one or more of Verizon entities were collecting the debt" at issue.  Opp'n 5; *see also id.* at 7 ("[D]iscovery can confirm whether or not these names were deliberately and falsely given to the debt recovery firms and the [credit reporting agencies] . . . .").  But — putting aside the fact that Defendants voluntarily disclosed to Wang which Defendant established, owned, operated, and managed his account, *see* Preston Decl. ¶¶ 3-5 — it is well established that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  If anything, Wang's speculation that discovery would reveal facts to support his claims against each Defendant "underscores, rather than cures, the deficiency in the Complaint."  *South Cherry Street, LLC v. Hennessee*

*Group, LLC*, 573 F.3d 98, 114 (2d Cir. 2009).  In short, "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct," Wang fails to satisfy Rule 8's minimum standards.  *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order).  Accordingly, his Amended Complaint must be and is dismissed.[3]

That said, mindful of Wang's *pro se* status, the Court grants Wang leave to amend his Amended Complaint to cure its failure to comply with Rule 8.  *See, e.g.*, Fed. R. Civ. P. 15(a)(2) (providing that leave to amend should be freely given "when justice so requires").  The Court cautions Wang, however, that bringing claims against an entity without a good faith basis to believe that the entity was responsible for the alleged wrongdoing could expose him to sanctions under Rule 11 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .").  In that regard, the Court notes that the Moving Defendants (in an admirable effort to obviate the need for this motion) identified Verizon New England Inc. as the one and only entity that established, owned, operated, and managed Wang's account.  *See* Preston Decl. ¶¶ 3-5.  In light of that information, re-naming any of the Defendants other than Verizon New England Inc. could expose Wang to "appropriate sanction[s]."  Fed. R. Civ. P. 11(c)(1); *see also, e.g.*, *Galin v. Hamada*, 283 F. Supp. 3d 189, 202 (S.D.N.Y. 2017) (noting that "a party is not immune from sanctions [under Rule 11(c)(1)] merely because it had a reasonable basis at the time it filed its

---

[3]    The flaws in the Amended Complaint apply to all Defendants equally.  Thus, the Court dismisses Wang's claims against all Defendants, not just the Moving Defendants.

initial pleading to believe that its claim was valid.  Instead, a court may impose sanctions on a party for refusing to withdraw an allegation or claim even after it was shown to be inaccurate." (citation and internal modifications omitted)), *aff'd*, 753 F. App'x 3 (2d Cir. 2018).

For the foregoing reasons, the Court GRANTS the Moving Defendants' motion and DISMISSES Wang's Amended Complaint in its entirety.  Wang shall file any amended complaint **within thirty days of the date of this Memorandum Opinion and Order**; failure to do so will result in dismissal with prejudice and closure of the case.  In light of the current public health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov.  For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at https://nysd.uscourts.gov/prose.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and thus *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 8, 2020
      New York, New York

JESSE M. FURMAN
United States District Judge