

**80 BROAD STREET, 23RD FLOOR**
**NEW YORK, NEW YORK  10004**
**(212) 509-3456 – TELEPHONE**
**(212) 509-4420 – FACSIMILE**
www.mkcilaw.us.com

January 27, 2021

<u>*VIA. ELECTRONIC FILING (ECF)*</u>

Hon. Judge Robert W. Lehrburger, U.S.M.J.
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Wang v. Verizon Communications Inc., et al*.
              Civ. Action no.: 1:19-cv-09506-JMF-RWL
              Request for Stay of Discovery and Ensuing Deadlines

Dear Honorable Sir:

    This office represents all Verizon Defendants in the above action.

    By way of background, Your Honor's November 25, 2020 Order (ECF doc. no. 135) stayed all discovery and ensuing deadlines pending the filing of Plaintiff's Second Amended Complaint ("SAC").  That Order also directed the parties to submit a joint proposed scheduling order within 30 days of the SAC's filing.  Given the current procedural posture of this case, as described below, we respectfully submit this letter on behalf of all Verizon Defendants to request that all discovery and further pre-trial deadlines, including deadlines to file motions for summary judgment, continue to be stayed pending the Court's ruling on Defendants' pending motion to dismiss (ECF doc. no. 143), also filed on this date.

### Background

    On October 8, 2020, the Court entered its Order granting Defendants' previous Rule 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint ("FAC") as to <u>all</u> claims and <u>all</u> Defendants, including Verizon New England Inc. ("VNE"). *See* ECF doc. no. 131, at 4, fn 3. Therein, the Court warned Plaintiff that "bringing claims against an entity without a good faith

{N1058180-1}FLORHAM PARK, NJ
(973) 822-1110
NEW YORK, NY
(212) 509-3456

HARTFORD, CT
(860) 404-3000

PHILADELPHIA, PA
(215) 557-1990

WILMINGTON, DE
(302) 656-1200

SPARTA, NJ
(973) 726-4958

SYRACUSE, NY
(315) 473-9648

Hon. Judge Robert W. Lehrburger, U.S.M.J.
January 27, 2021
Page 2 of 3

basis to believe that the entity was responsible for the alleged wrongdoing could expose him to sanctions." *Id*. at 4.

On October 27, 2020, the Court granted Plaintiff's request for additional time to file his SAC until December 21, 2020. *See id.* The Court again warned Plaintiff of the potential exposure to Rule 11 sanctions for suing multiple entities "without a good faith basis." *See* ECF doc. no. 133, 1.

On November 25, 2020, Your Honor granted Defendants' request to stay all discovery and discovery deadlines pending Plaintiff's filing of his SAC. *See* ECF doc. no. 135, 3. *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1941 (2009) ("[B]ecause Iqbal's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). On December 22, 2020, Plaintiff filed his SAC (ECF doc. no. 139), which named six of the Verizon entities previously sued: (1) VNE, (2) Verizon Wireless (VAW) LLC, (3) Verizon Business Network Services Inc., (4) Verizon Communications Inc., (5) Verizon Corporate Resources Group LLC, and (6) Verizon Sourcing LLC. Plaintiff also added a new entity, (7) Cellco Partnership d/b/a Verizon Wireless. Further, Plaintiff has expanded the scope of his action by adding a claim under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1341, 1343 and 1962(c), (d)) (the "RICO Act").

Earlier today, Defendants filed a further motion to dismiss the SAC in its entirety, on multiple grounds, including Fed. R. Civ. P. Rule 8(a). *See* ECF doc. no. 143.

### Request for Continued Stay of All Discovery and Ensuing Deadlines

Defendants respectfully submit that there is good cause to continue the Court's stay of all discovery and ensuing deadlines until the Court's resolution of Defendants' recently filed motion to dismiss. Indeed, without clarity from the Court as to which, if any, of the Defendants or claims will survive Defendants' pending motion to dismiss, proceeding with discovery at this time would lead to an undue waste of valuable party and Court resources. In this regard, particularly concerning are the implications for expansive and intrusive discovery pertaining to Plaintiff's new claims under the RICO Act. *See*, *e.g.*, *Spiteri v. Russo*, 12 CV 2780, 2013 WL 4806960, 45 (E.D.N.Y. 2013) ("Courts look with particular scrutiny at claims for a civil RICO, given the statute's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies.")

Accordingly, Defendants respectfully request the following relief:

1. That all discovery and discovery and other pre-trial deadlines be stayed entirely pending resolution of Defendants' pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6);

2. That the Court set a status conference following resolution of Defendants' Motion to the extent that any Defendants or claims survive the Motion; and

3. That the Court grant such other and further relied as it deems proper under the circumstances herein.

This request is made in good faith, and is not made for any improper purpose or motive.

The undersigned stand prepared to provide further information, or to assist the Court with any questions it may have.

We thank the Court and appreciate Your Honor's time and consideration in this matter.

Respectfully submitted,

*Dean L. Pillarella*

Dean L. Pillarella, Esq. (5707724)
Howard A. Fried, Esq. (HAF2114)
MCGIVNEY KLUGER CLARK, &
INTOCCIA, P.C.,
*Attorneys for Defendants*
*dpillarella@mkcilaw.us.com*
*hfried@mkcilaw.us.com*

cc *via* ECF to:

Plaintiff *Pro Se*,
Mr. Hao Zhe Wang

{N1058180-1}