USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/4/2021

Hao Zhe Wang
PO Box 7075
New York, NY 10150

Judge Robert W. Lehrburger
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1960
New York, NY 10007

      **Re: Wang *pro se* vs. Verizon Communications Inc., et al.**
      **Case Number: 19 CV 9506**

Dear Honorable Sir,                                                                                                                February 2, 2021

      Plaintiff respectfully petitions the Court to allow him to file his response to the Verizon defendants' motion to stay (Dkt 144) one day after the co-defendant, Enhanced Recovery Company, LLC ("ERC"), files its pleading, which is due on February 19. Plaintiff is thankful that the Court has allowed Plaintiff to file his response to the Verizon defendants' motion to dismiss two weeks after ERC files its pleading. Plaintiff now realizes that his response to the motion to stay may still entail rehearsing snippets of his arguments opposing the Verizon motion to dismiss and therefore respectfully petitions the Court to give him an extension to file his response to the Verizon motion to stay till February 20.

      The Verizon defendants filed the motion to stay in conjunction with their motion to dismiss (Dkt 143). Federal Rule of Civil Procedure 26(c) gives a court the discretion to stay discovery for good cause. In deciding whether to grant a stay when a motion to dismiss has been filed, the court considers the breadth of the discovery sought, the burden of responding to the discovery sought, and the strength of the underlying motion. (*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 2009 WL 2777076* (S.D.N.Y. Sept. 1, 2009).)

      Plaintiff is ready to argue in his response to the motion to stay that the discovery sought is not particularly burdensome, if only because the Verizon defendants did not object to Plaintiff's document requests and interrogatories during a series of meet-and-confers during the production process last fall and were on the verge of turning over the documents to him when the discovery was stayed in October.

      Plaintiff also plans to argue in his response that a delay of many months to the start of discovery is particularly injurious to Plaintiff's litigation interests because of the possible deterioration of evidence. This lawsuit may be far less dependant on paper records than on witnesses' memories of phone conversations. The documents thus far produced by the subpoenaed parties show that records are pretty thin and little more than logs of phone calls

between Plaintiff and the defendants' agents/employees/vendors. Memories may fade fast on events from five years ago, and these call center employees may also readily leave their jobs.

      A third element Plaintiff intends to address, however, concerns the strength of the underlying motion to dismiss, which would amount to a preview of Plaintiff's perception and legal analysis of the weaknesses of that motion to dismiss. And this analysis Plaintiff is reluctant to publicly rehearse when a co-defendant, ERC, is yet to file its pleading. For some of the claims against ERC overlap with the claims against the Verizon defendants, and it would be a great prejudice to Plaintiff to have to tip his hand about his rebuttal to a motion to dismiss before ERC files any. Hence Plaintiff's petition that he be allowed to file his opposition to the motion to stay on February 20, one day after ERC's pleading is due.

Respectfully,

/s/ HZ Wang

SO ORDERED:

2/4/2021

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE