```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
HAO ZHE WANG,                                                        :
                                                                     :
                        Plaintiff,                                   :
                                                                     :            19-CV-9506 (JMF)
        -v-                                                          :
                                                                     :            OPINION AND ORDER
VERIZON COMMUNICATIONS INC. et al.,                                  :
                                                                     :
                        Defendants.                                  :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Hao Zhe Wang, proceeding without counsel, filed this lawsuit against more than two dozen Defendants with some variation of the name "Verizon," alleging various claims relating to the alleged effort to collect a debt. By Memorandum Opinion and Order entered on October 8, 2020, the Court dismissed the then operative complaint, citing its failure "to make *any* particularized allegations about the . . . entities named as Defendants, which it lump[ed] together and refer[red] to collectively as 'Verizon.'" *Wang v. Verizon Commc'ns Inc.*, No. 19-CV-9506, 2020 WL 5982882, at *2 (S.D.N.Y. Oct. 8, 2020) (ECF No. 83). Citing Wang's *pro se* status, however, the Court granted leave to amend. But it cautioned Wang — in light of evidence submitted by Defendants identifying "Verizon New England Inc. as the one and only entity that established, owned, operated, and managed Wang's account" — "that bringing claims against an entity without a good faith basis to believe that the entity was responsible for the alleged wrongdoing could expose him to sanctions." *Id.* at *2. Thereafter, Wang filed a Second Amended Complaint (the "Amended Complaint"), naming as Defendants seven Verizon entities (the "Verizon Defendants") and Enhanced Recovery Company ("ERC"). *See* ECF No. 139 ("SAC"). ERC filed an Answer. *See* ECF No. 151. The Verizon Defendants now move,

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint. For the reasons that follow, their motion is GRANTED.

## BACKGROUND

Although Wang's Amended Complaint is somewhat difficult to interpret, it appears to allege the following facts, which are assumed to be true for purposes of this motion. *See, e.g.*, *Lynch v. City of New York*, 952 F.3d 67, 74-75 (2d Cir. 2020).

In 2016, a debt collection agency, McCarthy, Burgess & Wolff ("McCarthy"), contacted Wang to collect a debt allegedly owed to Verizon Communications Inc. ("VCI"), Verizon Sourcing LLC ("VSL"), Verizon Wireless LLC ("VAW"), and Verizon Business Network Services Inc. ("VBN"). SAC ¶ 3. After calling a number provided by McCarthy, Wang discovered that the overdue bill stemmed from service that had been established in 2015 in connection with a property in South Hadley, Massachusetts, that Wang owned but did not inhabit. *Id.* Wang did not recall setting up service for the property or receiving bills, leading him to suspect identity theft. *Id.* After asking Verizon representatives to conduct an investigation, Wang was told that both service and the debt collection effort would cease. *Id.*

On July 10, 2017, "planning to buy a home and to apply for a mortgage," Wang requested and received credit reports from three credit reporting agencies ("CRAs"). *Id.* ¶ 5. The reports showed a collection record from "Verizon," but gave no indication that the account had been disputed. *Id.* Wang immediately disputed the records with the CRAs and contacted Verizon customer service and account verification representatives, who promised an investigation. *Id.* ¶ 8. After Verizon informed Wang that Verizon had been contacted by the CRAs in August 2017, Wang spoke with several representatives and received conflicting responses regarding the status of the disputed account and conflicting instructions on how to

initiate an investigation. *Id.* ¶¶ 11-12, 15. In light of this uncertainty, Wang sent copies of his passport and police reports to the CRAs around Thanksgiving 2017; the CRAs then "removed" the collection record from Wang's file in late November or early December. *Id.* ¶¶ 18, 20. In January 2018, Wang applied for a home mortgage; he completed the purchase in April 2018. *Id.* ¶ 59.

In March 2018, ERC contacted Wang to collect a debt on behalf of Verizon. *Id.* ¶ 22. ERC contacted Verizon twice for verification, but Verizon was unable to confirm the debt, leading to the debt being recalled at least once. *Id.* ¶¶ 25-26. Nevertheless, ERC resumed debt collection in June 2018. *Id.* ¶ 55. Then, in November 2018, a third collection agency, Collecto, appeared in Wang's credit history on behalf of "US Asset Management Inc." for the "same monetary amount to the cent as the debt alleged by the Verizon defendants." *Id.* ¶ 23. In correspondence with the Massachusetts Department of Telecommunications and Cable ("Mass. DTC"), Verizon stated that it no longer held rights to Wang's account and that the account had been sold to Collecto in September 2018. *Id.* ¶ 47.

Wang alleges that, in 2017, a VAW representative told him that "Verizon could continue to wreak havoc with [his] credit by making the collection account reappear on [his] credit reports even after the CRAs [had] delete[d] it." *Id.* ¶ 30 (internal quotation marks omitted). He further alleges that, in January 2019, a legal supervisor at Verizon Corporate Resources Group ("VCR") confirmed that "Verizon was responsible for the recent repeats of sales and buybacks and threatened that Verizon would make the account reappear on [his] credit reports unless [he] for[went] all [his] claims against Verizon." *Id.* ¶ 28 (internal quotation marks omitted). Wang also alleges that Defendants Verizon New England Inc. ("VNE"), VAW, VCI, and several other

Verizon affiliates jointly run an operation to improperly evade government inquiries and investigations into consumer complaints regarding challenged debts. *Id.* ¶ 36.

As noted, the Court dismissed Wang's First Amended Complaint — which brought claims against twenty-six or twenty-seven Verizon entities — on October 8, 2020, for failure to satisfy the minimal standards set forth in Rule 8 of the Federal Rules of Civil Procedure and granted Wang leave to amend. *Wang*, 2020 WL 5982882, at *2. Liberally construed, the Amended Complaint alleges claims against VAW, VNE, and Cellco Partnership (which does business as "Verizon Wireless") under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; claims against VAW, VCI, VSL, VBN, VCR, and ERC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; and claims against all of the Verizon Defendants under the criminal wire and mail fraud statutes, 18 U.S.C. §§ 1341, 1343, the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962, the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 1 *et seq.*, and Sections 349 and 601 of the New York General Business Law. *See* SAC ¶¶ 5, 19, 22, 24, 33, 54-56.

## LEGAL STANDARDS

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A

4

plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

Even under the heightened pleading standards set by *Iqbal* and *Twombly*, a court is "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, when considering *pro se* submissions, such as Wang's, the Court should interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted). Nevertheless, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *3 (S.D.N.Y. Apr. 28, 2021) (internal quotation marks omitted); *see also, e.g.*, *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (summary order) ("[P]ro se complaints must contain sufficient factual allegations to meet the plausibility standard . . . .").

## DISCUSSION

Although Wang has reduced the number of Verizon Defendants he is suing by sixteen or seventeen, the Amended Complaint suffers from many of the same problems that doomed his earlier Complaint: a failure to distinguish among the different Defendants and to provide fair notice of the basis of his claims against each of them. The Court would be on firm ground dismissing his claims against the Verizon Defendants on that basis alone, but the claims fail for independent reasons as well. The Court will address each set of claims in turn.

**A. FCRA Claims**

Wang's first set of claims — under the FCRA — are easily dismissed. For starters, Wang purports to bring claims pursuant to 15 U.S.C. § 1681s-2(a), which, to the extent relevant here, prohibits furnishers of information to CRAs from providing "any information relating to a consumer . . . if . . . [there is] reasonable cause to believe that the information is inaccurate," *id.* § 1681s-2(a)(1)(A), and from reporting information that is inaccurate if the consumer has notified the furnisher that the information is inaccurate, *see id.* § 1681s-2(a)(1)(B). The problem with these claims is that there is no private right of action to enforce violations of Section 1681s-2(a). *See Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (per curiam); *Redhead v. Winston & Winston, PC.*, No. 01-CV-11475, 2002 WL 31106934, at *4 (S.D.N.Y. Sept. 20, 2002) (collecting cases). Instead, Section 1681s-2(a) is exclusively enforced through government enforcement actions. *See* 15 U.S.C. § 1681s-2(d).

Liberally construed, the Amended Complaint also brings claims relating to the allegedly inaccurate information in his credit reports under 15 U.S.C. §§ 1681s-2(b), 1681n, and 1681o, which do provide private rights of action for violations of the FCRA. These claims fail, however, because Wang's own allegations show that the CRAs corrected the allegedly inaccurate information within thirty days of when Wang notified them around Thanksgiving 2017. *See, e.g., Jenkins v. Chase Bank USA, N.A.*, No. 14-CV-5685 (SJF) (AKT), 2015 WL 4988103, at *7 (E.D.N.Y. Aug. 19, 2015). Additionally, to the extent that Wang brings claims for negligent violations of the FCRA, his claims fail as a matter of law because he does not allege any damages. *See, e.g., Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 239 (S.D.N.Y. 2014) ("[A] plaintiff . . . may recover only actual damages for a negligent violation."); *see also, e.g., Perl v. Am. Exp.,* No. 11-CV-6899 (KBF), 2012 WL 178333, at *4 (S.D.N.Y. Jan.

19, 2012) (dismissing FCRA claims because the plaintiffs "insufficiently pled actual damage in support of their negligent noncompliance claim."); *Cadet v. Equifax Credit Servs.*, No. 05-CV-4843 (SLT) (LB), 2008 WL 189873, at *7 (E.D.N.Y. 2008) (same).  True, Wang alleges that the interest rates for thirty-year fixed rate mortgages increased between August 31, 2017, shortly after he requested his credit reports, and January 25, 2018.  *See* SAC ¶¶ 58-60.  But he does not allege that he applied for, let alone he was denied, a mortgage before January 2018, at which point the allegedly inaccurate information had been corrected.

Accordingly, Wang's claims under the FCRA against VAW, VNE, and Cellco Partnership must be and are DISMISSED.[1]

**B.  FDCPA Claims**

Next, Wang brings claims against VAW, VCI, VSL, VBN, and VCR under the FDCPA.  *See* SAC ¶ 22, 63.  To state a claim under the FDCPA, however, a plaintiff must allege that the defendant is a "debt collector," defined as "any person who uses . . . interstate commerce or the mails in any business *the principal purpose of which* is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed . . . or due another."  15 U.S.C. § 1692a(6) (emphasis added); *see, e.g.*, *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011); *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CV-5868 (PKC), 2011 WL 4344044, at *3 (S.D.N.Y. Sep. 8, 2011).  Significantly, the statute does not apply to creditors who seek in their own name to collect debts owed to them, *see* 15 U.S.C. § 1692a(6), unless, "in the process of collecting his own debts, [the creditor] uses any name other than his own which

---

[1]   In light of that conclusion, the Court need not and does not address the Verizon Defendants' argument, made for the first time in their reply, that Wang's claims under the FCRA are also time-barred.  *See* ECF No. 159 ("Defs.' Reply"), at 4-5.  Wang's motion to strike that portion of Defendants' reply brief is thus DENIED as moot.  *See* ECF Nos. 158, 160-61.

would indicate that a third person is collecting or attempting to collect such debts," 15 U.S.C. § 1692a(6), "pretends to be someone else" or uses "a pseudonym or alias," *Maguire v. Citicorp Retail Services*, Inc., 147 F.3d 232, 235 (2d Cir. 1998) (internal quotation marks omitted), or owns and controls the debt collector, rendering it the creditor's alter ego, *see id.* at 234-36.

Measured against these standards, Wang's claims fail as a matter of law.  He does not allege that the "principal purpose" of any Defendant's business is to collect debts.  Nor does he allege that any Defendant used a pseudonym, pretended to be someone else, or owned and controlled any debt collector.  Instead, the gravamen of his claims is that that Defendants were creditors who contracted with three third-party debt collection firms, ERC, McCarthy, and Collecto, to collect on his account.  *See* SAC, ¶¶ 3, 22-23.  In his opposition brief, Wang also argues that Defendants violated the FDCPA by "interject[ing] themselves into the collection of a debt that they did not create."  ECF No. 152 ("Pl.'s Opp'n"), at 18.  But that argument fails because the FDCPA expressly provides that an entity collecting for the accounts of a corporate affiliate is not a "debt collector" within the meaning of the statute.  *See* 15 U.S.C. § 1692a(6)(B).  Thus, Wang's FDCPA claims must be and are DISMISSED.

### C.  Wire and Mail Fraud and Civil RICO Claims

Wang's sole remaining federal claims against the Verizon Defendants are for violations of 18 U.S.C. §§ 1341 and 1343, the statutes criminalizing wire and mail fraud, *see* SAC ¶ 24; and for violations of the RICO Act, *see id.* ¶ 54.  The former claims are easily dismissed, however, as the wire and mail fraud statutes "do not provide a private right of action." *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989); *accord Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (summary order).  Wang's RICO claims, meanwhile, fall short because, he fails to plausibly allege the existence of an enterprise or

a pattern of racketeering activity, let alone under the heightened pleadings standards of Rule 9(b) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004).  It is not enough to assert, as he does, that "VNE, VAW, VCI, VSL, VBN, and VCR's management of one or more critical components of this complex operation . . . reflects each Verizon defendant's participation in running and managing the entire criminal enterprise and shows each to be in violation of 18 U.S.C. 1962(c) and 1962(d)."  SAC, ¶¶ 37, 49, 52, 54.

### D.  State-Law Claims

The Court need not dwell long on Wang's remaining claims, which are brought under Massachusetts and New York law.  First, his claims under the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A and Section 349 of the New York General Business Law are preempted by the FCRA, which provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under section 1681s-2."  15 U.S.C. § 1681t(b)(1)(F).  Chapter 93A and Section 349 are plainly "requirement[s] imposed by state law." *Cunha v. LVNV Funding, LLC*, No. 13-11418-MLW, 2015 WL 5737134, at *5 (D. Mass. Sept. 30, 2015) (internal quotation marks omitted).  And Wang's claims, which relate to unfair credit reporting, the failure to correct credit information, and the failure to investigate a disputed debt, are well within "the subject matter regulated under section 1681s-2," as his claims under the FCRA itself make plain.  Accordingly, his claims under Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A and Section 349 of the New York General Business Law are "pre-empted by the FCRA."  *Cunha*, 2015 WL 5737134, at *5 (Massachusetts Consumer Protection Act); *accord Torres v. Wakefield & Assocs.*, No. 1:20-CV-09343 (MKV), 2021 WL 199532, at *1 (S.D.N.Y. Jan. 20, 2021) (N.Y. GBL § 349); *see also,*

*e.g.*, *Logan v. Bank of Am., N.A.*, No. 19-CV-11483, 2020 WL 1245124, at *4-5 (D. Mass. Mar. 16, 2020) (noting that a majority of judges in the District of Massachusetts to have considered the issue have held that private suits under Mass. Gen. Laws ch. 93A, § 54A(g) are preempted by the FCRA). His claims under Section 601 of the New York General Business Law, meanwhile, fail because that provision "does not supply a private cause of action." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 127 (2d Cir. 2017).

Accordingly, Wang's state-law claims must be and are DISMISSED as well.

## CONCLUSION

For the foregoing reasons, the Verizon Defendants' motion to dismiss is GRANTED and Wang's claims against them are DISMISSED. The Court declines to grant Wang leave *sua sponte* to amend his claims yet again. Wang has already had multiple opportunities to amend. *See, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (citing cases)). Additionally, many of the problems with Wang's claims are substantive and cannot be cured through amendment. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a district court may deny leave to amend when amendment would be futile because the problems with the plaintiff's claims are "substantive" and "better pleading will not cure" them). And finally, Wang "has not requested permission to file [an amended complaint], nor has he given any indication that he is in possession of facts that would cure the problems identified in this opinion." *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to terminate ECF No. 143 and to mail a copy of this Opinion and Order to Wang.

SO ORDERED.

Dated: September 15, 2021
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　
JESSE M. FURMAN
United States District Judge